ALVAH FULLER, Plaintiff in Error, *v.* NATHANIEL PAIGE, Defendant in Error.

### ERROR TO KANE.

If a person purchase chattels with a knowledge that they are mortgaged, with an intent to cheat, the sale is void.

As between the parties to it, a chattel mortgage is good without being recorded.

Where one mixes up his own goods with those of another which are mortgaged, and refuses to separate the goods, if the mortgagee takes the goods confounded with his own, he will not be a trespasser.

THIS was an action of trespass, commenced by Fuller against Paige, in Aurora Common Pleas Court, and taken, by change of venue, to the Kane Circuit Court.

The declaration was in trespass in the usual form, for taking and carrying away goods and chattels of the plaintiff, consisting of a lot of drugs and medicines. There was a trial by jury, and a verdict for the defendant.

One Myers mortgaged the goods in controversy to Paige, Myers attending the store as a clerk. Myers sold the goods to Fuller, who was fully informed of the mortgage from Myers to Paige. Fuller stated that he knew of the existence of the mortgage at the time of the purchase, but that it was good for nothing, inasmuch as it had not been recorded. The consideration from Fuller to Myers was a pre-emption claim in Kansas, and a bond for a tract of land in Michigan. Myers stated that the sale to Fuller was to get property with which to pay his debts. The goods, when mortgaged to Paige, were appraised at $1,000. Fuller, after his purchase from Myers, added a small stock to the drugs, and carried on business. When requested by Paige to select the goods so added by him to the stock derived from Myers, he refused to do so, and Paige took the entire stock as mortgaged, together with such as Fuller had added to it. The mortgage described the goods secured by it.

GLOVER, COOK & CAMPBELL, for Plaintiff in Error.

HOYNE, MILLER & LEWIS, for Defendant in Error.

BREESE, J.   In this case the court below instructed the jury, in substance, that if the appellant, then plaintiff, purchased the goods described in the declaration, with a full knowledge of the mortgage to the defendant, and with the intent to cheat and defraud him of his lien, the sale was void, as to the mortgagee.

This we hold to be the law. The mortgage was good, as against Myers, the mortgagor, without being recorded. If then, the appellant purchased the goods of Myers with the knowledge of the mortgage, and for the purpose and with the intent to enable Myers to put the money in his own pocket, and cheat the mortgagee, that was such a fraud in fact as to avoid the sale to appellant. It cannot be tolerated, that a party, thus acting, should be permitted to enjoy the fruits of such conduct.

We do not say, that the mere knowledge of the existence of a mortgage unrecorded would make the purchase from the mortgagor a fraud in law, where there is no intent manifested by such purchaser, to commit a fraud in fact by enabling the mortgagor to pocket the avails, and so cheat the mortgagee.

When a purchase from a mortgagor is *bona fide*, and without any intent to cheat, the case might be different. Here the facts

show a contrivance and a design by the appellant, knowing of the existence of the mortgage in collusion with the mortgagor to cheat the mortgagee. The parties cannot receive our aid in furtherance of such intention, nor do we think the law requires it. Good faith and absence of fraudulent intent must characterize all contracts.

Upon the other point, the appellant had mixed up his own goods with the goods mortgaged, and he was notified to select his, and take them away, which he refused to do. The appellee had a right to take his own goods, and if he took some, not his property, they being so confounded with his own that he could not distinguish them, it would be fraud to charge him in trespass, however he might be liable in trover. On the whole case we think justice is with the appellee, and we accordingly affirm the judgment.

*Judgment affirmed.*