# DANIEL O. CRIST *et al.*

## *v.*

# MARY W. WRAY.

1. PLEADING—*error in sustaining demurrer cured.* If the court errs in sustaining a demurrer to a plea, the error will be cured if the plaintiff subsequently files a replication thereto, and no evidence proper under the plea is excluded on the trial.

2. CONTINUANCE—*when amendment is ground for.* It does not necessarily follow that a cause must be continued because an amendment is allowed to a declaration, and the defendant makes an affidavit that, in consequence thereof, he is unprepared to proceed to or with the trial at the term, especially when no reason is given to show why he is not prepared.

3. Where, after the close of the plaintiffs' evidence, the court allowed the declaration, which was in trespass for taking and carrying away a piano and an organ, to be amended, by striking out all claim for the piano, it was *held,* that the effect of the amendment was to render the defendant better instead of less prepared for trial, and that in such a case it was no error to overrule his motion for a continuance, though supported by affidavit that he was unprepared to proceed with the trial.

4. ERROR—*that works no injury.* Although improper testimony may have been admitted, yet when it appears, from the verdict, that the jury were not influenced by it, and no injury resulted from its admission, the error will not be sufficient to justify a reversal.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of trespass, brought by Mary W. Wray against Daniel O. Crist, Henry Houscheid, and Joseph V. Ater, for the taking and carrying away of a piano and an organ.

Mr. JOHN E. POLLOCK, for the appellants.

Messrs. WILLIAMS, BURR & CAPEN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, for the taking and carrying away of one piano and one organ.

The first point made for the reversal of the judgment is, that the court erred in sustaining a demurrer to a plea.

It is enough to say, that if there was any error in that respect, it was cured by subsequently filing a replication to the plea before trial, whereby defendants had the full benefit of the plea, and no evidence proper under it was excluded.

After the plaintiff had introduced all her evidence, the court, on motion, gave her leave to amend her declaration, by striking out all claim for the piano. Thereupon, one of the defendants moved for a continuance of the cause, filing, in support of the motion, his affidavit that, in consequence of such amendment, he was unprepared to proceed with the trial of the cause at that term.

The overruling of this motion is assigned as error. It is claimed that defendant was entitled to a continuance under this provision of the present statute :

"No amendment shall be cause for a continuance, unless the party affected thereby, or his agent or attorney, shall make affidavit that, in consequence thereof, he is unprepared to proceed to or with the trial of the cause at that term, and that he verily believes that if the cause is continued he will be able to make such preparation."

It does not necessarily follow that a cause must be continued when a party makes affidavit in such form.

The affidavit here sets out no reason why the defendant was not prepared to proceed with the trial. The withdrawing one of the two claims which the original declaration embraced, left but one instead of two claims for the defendant to meet. The effect of the amendment was, to render the defendants better· instead of less prepared to defend against the amended declaration. When a court sees such to be the effect of an amendment, it may very properly overrule the motion to continue, notwithstanding the affidavit, where it suggests no reason why the defendant was unprepared.

It is next objected, that the court admitted testimony of the rental value of the organ. This was improper. The evidence should have been as to the value of the organ. The rental value was so largely in excess of any ordinary interest

on the price of the organ, that the jury might have been misled thereby to form an exaggerated idea of the value of the article. But testimony was given as to the value of the organ, and, comparing that with the amount of the verdict, we can see that the jury were not influenced, by evidence of rental value, to place an undue estimate upon the value of the instrument, and that no injury resulted from the admission of the evidence, and so it forms no ground for reversal.

Another point is, that the verdict was contrary to the evidence. There was a conflict of testimony as to the ownership of the organ. We can not see that the jury so manifestly erred in their finding as to require that it should be disturbed.

The refusal to give the first instruction asked by defendants, which is complained of, was manifestly right.

The judgment is affirmed.          *Judgment affirmed.*