# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1887.

## THE BIRMINGHAM FIRE INSURANCE COMPANY OF PITTSBURG

v.

## EMILIE PULVER, FOR USE, ETC.

*Fire Insurance—Amount of Loss—Notary's Certificate—Evidence—Opinion of Witnesses—Cross-Examination—Discretion—Remarks of Trial Judge—Instructions.*

1. In an action on a policy of fire insurance the amount of loss is a question for the jury, and the recovery is not limited to the amount stated as the loss in the notary's certificate.

2. The opinion of a witness as to the quantity of the goods burned, formed from an inspection of the debris, is inadmissible.

3. The court may, in its discretion, confine counsel within reasonable limits in the cross-examination of witnesses.

4. In the case presented, certain inadvertent remarks of the trial judge in ruling upon objections, did not operate to the injury of the appellant and do not constitute such error as to require a reversal.

5. It is a matter of discretion with the court to give instructions cautioning the jury against prejudice toward one party, or favor to the other.

6. Appellant can not complain of the refusal of the court to give instructions asked, when every material issue in the case was fully and properly submitted to the jury by instructions prepared by the court.

[Opinion filed June 13, 1888.]

(17)

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. MOSES & NEWMAN, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

MORAN, P. J.   The judgment from which this appeal is prosecuted was rendered against appellant on a policy of insurance.   The case was tried by a jury, and upon all the issues there was a bitter contest.

It is very strongly urged upon us that the verdict is against the evidence, and that this court should reverse the case without remanding it.   We have examined the record with care, and find evidence tending to support the contention of appellee on every issue of fact raised in the case.   There is, it is true, a conflict of evidence, but where there is such conflict, the verdict of the jury must be treated as settling it in favor of the successful party, and this court is not authorized to interfere with such verdict unless some error of law has intervened, or unless such verdict is manifestly against the weight of the evidence.   We can not say that the verdict rendered in this case is against the weight or preponderance of the evidence.   There are many errors of law assigned, and, while we have examined each, and carefully considered the argument of counsel in support of their contentions, we shall not attempt to discuss all their points in detail, but shall notice briefly such as appear to be chiefly relied on.

The policy sued on insured appellee to the amount of $1,000, and she held two other policies for $1,000 each on the property covered and alleged to have been destroyed.   The assured claims her loss to be upward of $3,800.   The policy required the assured to furnish a certificate from a magistrate or notary public, stating the amount of loss which such officer verily believed the assured had sustained on the property insured.

Appellee furnished a certificate of a notary attached to the proof of loss, in which said notary certified that the insured

"sustained by the fire loss and damages on the property insured to the amount of $1,000, as stated in the foregoing proof of loss." In the proof of loss appellee stated the amount of her loss to be $3,886.95, as shown by a schedule. It was contended on the trial, and is urged here, that the notary's certificate controlled as to the amount that could be recovered under the policy, and as the proof of loss disclosed that there were two other policies on the same property, appellant was liable under the pro-rating clause only for one-third of the $1,000 certified by the notary to be the loss. We have been referred to no authority in support of counsel's position, and we are aware of no principle on which it can be sustained. The certificate is furnished as a compliance with the condition of the policy, but statements contained in it in no manner conclude either the assured or the company. There is no magic in such a certificate and it creates no estoppel as against either party. Even if the proof of loss proper had contained the statement, under the oath of the assured, that the loss was $1,000, she would not be precluded from showing on the trial that the loss was greater. The amount of the loss is, on the trial, a question for the jury under all the evidence, and there is no rule of law that limits the recovery to the amount stated as the loss in the notary's certificate, or in the proofs of loss. Miaghan v. Hartford Fire Ins. Co., 24 Hun, 58; Lebanon Mutual Ins. Co. v. Kepler, 106 Pa. St. 28.

It was sought by appellant on the trial to introduce in evidence the opinions of certain witnesses as to whether it was probable, judging from the appearance of the debris after the fire, that such a quantity of goods could have been burned as appellee claims was burned. This evidence was excluded by the court, and, as we think, properly. Inferences from facts are not for the witness, but for the jury. Proof of the amount and appearance of the debris, and all other conditions manifest upon the premises after the fire was proper, but the conclusions to be drawn from such appearance was entirely for the jury. The evidence sought to be introduced was not upon a matter within the domain of opinion or expert evidence, but related to a subject within the common knowledge and experience of men.

Complaint is made of the course of the trial judge, in interfering with the cross-examination of some of the witnesses and because of remarks made in ruling on points in reply to arguments of counsel. The cross-examinations were in some instances inordinately extended, and it is in the discretion of the court to confine counsel within reasonable limits. We have found no abuse of such discretion in this case. While "patience and gravity of hearing is an essential part of justice," the judge has the direction of the trial and is much better able to perceive what is unnecessary than counsel who is engaged in a heated contest with the witness.

The remarks or comments of the court, mainly complained of, were made in ruling upon objections, and are statements that the evidence upon certain points was thus and so. The admissibility of evidence offered frequently depends upon the evidence already introduced, and it is not unusual for the court in ruling to allude to such evidence as is in the record to make his meaning plain. This, of course, should be done in such a manner as to express no opinion as to what such evidence proves. Owing to the regard which is paid by jurors to the opinion of the judge, he should use great caution in expressing his opinion on any question which it is the province of the jury to determine. But every unguarded expression of the Judge in stating reasons to counsel for his rulings, can not be treated as a ground for granting a new trial. To do so would be to greatly embarrass the administration of justice. The jury were told that they were the judge of the weight of the evidence, and of the credibility of the witnesses, and were given the usual instructions as to the preponderance of the evidence; and from the whole course of the trial, no doubt, thoroughly understood that it was their province to determine what were the facts established by the evidence.

We are of opinion that the inadvertent remarks of the court did not, in fact, operate to the injury of appellant, and do not constitute such error as to require us, for that reason, to reverse this case.

Appellant submitted some nineteen instructions to be given to the jury, but the judge refused to give said instructions,

Birmingham Fire Ins. Co. v. Pulver.

and also refused appellee's instructions, and gave to the jury instructions drawn by himself. Appellant contends that the court erred in refusing its instructions. We have been at some pains to examine the instructions refused in connection with the instructions which the court gave in lieu of them, and while the court did not, by his instructions, cover every point in detail which appellant covered in the instructions requested, we are of opinion that every material issue in the case was fully and properly submitted to the jury by the court and that they were fairly and clearly instructed as to all questions of law.

Many of appellant's instructions were correct propositions of law, and might have been given by the court, but appellant can not complain of the refusal to give them, as the same propositions were contained in the instructions given by the court. Some of appellant's propositions, which the court failed to incorporate in his instructions, might have been given, but they are of such a nature that error can not be predicated on the omission to give them. It is matter of discretion with the court to give instructions cautioning the jury against prejudice toward one party, or favor to the other, and the giving or refusal of instructions of that class can not be assigned for error.

We are of opinion, upon the whole record, that there is no error which requires a reversal of the judgment, and it will, therefore, stand affirmed.

*Judgment affirmed.*