SCHOOL DISTRICT No. 1, TOWNSHIP No. 4, RANGE No. 16, in Laclede County, Appellant, v. JAMES H. WICKERSHAM, Respondent.

St. Louis Court of Appeals, February 19, 1889.

1. **School Tax:** COUNTY CLERK. No authority is conferred on a county court clerk to assess property for school or other taxes. He is required only to assess or extend the amounts of revenue to be apportioned and raised for school purposes, upon the property assessed and returned by the regular tax assessor, for each school district. His powers are limited to computation and apportionment upon the tax assessor's returns, as made.

2. **Mandamus:** MINISTERIAL DUTY. *Mandamus* will not lie to enforce a ministerial duty, unless that duty is clearly and unmistakably enjoined by law.

*Appeal from the Laclede Circuit Court.*—HON. W. S.
WALLACE, Judge.

AFFIRMED.

*J. P. Nixon,* for the appellant.

This case, it is conceived, turns upon the correct interpretation of section number 7125, as amended in Session Laws 1885. It provides that "On receipt of estimates of the various districts the county clerk shall proceed to assess the amount so returned on all taxable property real and personal in said districts, as shown by last annual assessment," etc.

This surely does not mean that taxes are to be levied on "the taxable property shown by last annual assessment to be in said several districts." This would be an absurdity, for the last annual assessment for state and county purposes does not show in what school district any property assessed is located; and the special duty enjoined by this section on the county clerk is that " he shall proceed to assess the tax on the property within the district," as contained in last annual assessment. This section further provides that county clerk in making out this school-tax book "shall place in said tax book under proper subdivisions, first, a list of names alphabetically arranged, of all persons owning any personal property in the district, total value thereof and amount of school tax assessed thereon." This section certainly gives no countenance to the contention that these school taxes are to be assessed against "persons resident or domiciled within such district." Indeed it regularly avoids the use of any word or words importing such an idea. The taxes are to be assessed against the "property within the district." The alphabetical list is to contain "names of all persons owning

any personal property in the district." Not an intimation of persons resident or domiciled in district who own personal property are to be listed. It is the property that is to be within the district and not the owners. *Com. v. City of Cameron*, 19 Mo. App, 573. That the general rule is "*mobilia personam sequuntur*," the exception is personal property may acquire a *situs* of its own entirely independent of the residence or domicile of its owner and may be made taxable by statute at its *situs*. Cooley on Taxation, 269; Burroughs on Taxation, sec. 97, pp. 215, 40, 218. The proper remedy is *mandamus*. *State ex rel. v. Riley*, 85 Mo. 156; *State v. Byers*, 67 Mo. 706.

*J. W. Farris*, for the respondent.

The defense is predicated upon the general doctrine that the *situs* of personal property is fixed by the domicile of its owner. This theory of taxation is clearly maintained by the courts of Missouri. In *Stephens v. Mayor Boonville*, 34 Mo. 323, the court held that "for many purposes movables are deemed in law to have no *situs* except the domicile of the owner." Manifestly one of the purposes above alluded to is the purpose of taxation. In the *City of St. Louis v. Ferry Co.*, 40 Mo. 581, the same principle is maintained, *i. e.*, that for the purpose of taxation the domicile of the owner is the *situs* of the personal property; that part of the opinion of the court on page 591 being conclusive. See also 47 Mo. 594, 603; *Railroad v. Board of Education*, 64 Mo. 294; *State ex rel. v. Rogers*, 79 Mo. 283. The county clerk complied with the statute in making the tax book. The court properly construed the law in sustaining the demurrer, and the ruling of the court should be affirmed.

THOMPSON, J. delivered the opinion of the court.

This is a proceeding by *mandamus* to compel the defendant, who is county clerk of Laclede county, to

enter certain personal property, consisting of mules, cattle, wagons and agricultural implements situated on a farm in the plaintiff school district belonging to C. W. Rubey and Josiah Ivey, upon the school-tax book of the county for the year 1888, as taxable within the plaintiff school district. The question for decision arises upon a demurrer to the petition. The petition shows that Rubey and Ivey own a farm in the plaintiff school district upon which personal property of the character above described, to a considerable value, is permanently kept for the purpose of carrying on the farm, but that Rubey and Ivey resided in an adjoining school district called Lebanon school district. The petition proceeds upon the conception that, under the provisions of section 7125, Revised Statutes, as amended by the act of March 18, 1885, ( Laws of 1885, 246, ) personal property is assessable to taxation for school purposes within the particular school district in which it is situated, and that it is the duty of the county clerk so to assess it for taxation.

Opposed to this conception, one of the arguments put forward on behalf of the defendant is, that the general rule is that the *situs* of personal property for the purposes of taxation is the domicile of the owner, which rule is confirmed as the general theory of taxation in this state by section 6662, Revised Statutes, which provides that "all personal property of whatsoever nature and character, situated in a county other than the one in which the owner resides shall be assessed in the county where the owner resides ; and the owner, in listing it, shall specifically point out in what county it is situated." Whether it be a general rule that tangible personal property ( excluding choses in actions, such as bank shares, bills, notes and other evidences of debt) is taxable at the domicile of the owner or at the place where it is actually situated, is a question which has been answered both ways by decisions in this state and elsewhere, and which is involved

in so much doubt and contradiction that it may be questioned whether a general rule on the subject can be safely stated. See *Ogden v. City of St. Joseph*, 90 Mo. 529; *Valle v. Ziegler*, 84 Mo. 218; *Railroad v. Board of Equalization*, 64 Mo. 306; *State v. County Court*, 47 Mo. 594; *St. Louis v. Ferry Co.*, 40 Mo. 580; *Stephens v. Mayor of Boonville*, 34 Mo. 323; *Corn v. City of Cameron*, 19 Mo. App. 573; *State ex rel. v. Rogers*, 79 Mo. 283; *City of New Albany v. Meekin*, 56 Am. Dec. 522, and the learned note to the same case, *Ib.* 523-537; *Fuller v. Paige*, 26 Ill. 358; S. C. 79 Am. Dec. 379.

But it is immaterial to consider this question, because it does not arise upon this record. No statute is pointed out, and none is believed to exist, which confers upon the county clerk power to *assess* property for school or for any other taxes. He is not the tax assessor of the county; but when the assessment of property for taxes is made by the tax assessor and returned to his office and equalized by the county board of equalization, then the statute confers upon him the function of extending or apportioning the amount of revenue to be raised for school purposes for each district, upon the property so assessed as being within each particular school district. This duty is enjoined by the statute in the following language: "On receipt of the estimates of the various districts, the county clerk shall proceed to assess the amount so returned on all taxable property, real and personal, in said districts, *as shown by the last annual assessment for state and county purposes*, including all statements of merchants in each district, of the amount of goods, wares and merchandise owned by them and taxable for state and county purposes." Revised Statutes, sec. 7125, as amended by the act of March 18, 1885, (Laws of 1885, 246.) Although the statute prescribes that the clerk shall "proceed to *assess* the amount so returned" etc., yet the word "assess" is here obviously used in the sense of *extend*,

*compute* or *apportion*; and the statute itself, in its proviso, uses the word "extended." The duty of the county clerk under this statute is a mere duty of computation, and he is required by the terms of the statute to base his computation upon the property, real and personal, within the various school districts of the county, "as shown by the last annual assessment for state and county purposes"; in other words, he can only know what persons within each school district are assessable for the school purposes of that district by the last annual assessment made by the county assessor. He can have no cognizance of the *situs* of any property for taxation, except as shown by this assessment. It is nowhere alleged in the petition that the defendant is proceeding to extend the levy made for the plaintiff school district upon personal property situated within the district, otherwise than as shown by the last annual assessment. We may stop with this statement; for it is a well-settled principle that the writ of *mandamus* will not lie to enforce a ministerial duty, unless that duty is clearly and unmistakably enjoined by law. If the county assessor, in listing personal property for taxation for the preceding year, assessed the personal property described in the petition as taxable in Lebanon school district, which was the district of the domicile of the owners, instead of assessing it as taxable in the plaintiff school district, it is a matter with which the county clerk has nothing to do. His duty is merely the mathematical duty of extending the levy made by the school officers of the plaintiff district upon the property which has been returned to his office by the county assessor as taxable within that district.

The action proceeds upon a singular misconception of the functions of the county clerk with reference to the subject of taxation. The circuit court rendered a judgment for the defendant upon the demurrer, and this judgment is affirmed. All the judges concur.