## EMILIE PULVER, FOR USE, ETC.,

### v.

### ROCHESTER GERMAN INSURANCE COMPANY.

*Fire Insurance—Excessive Claim—Evidence.*

In an action against an insurance company to recover upon one of its policies, said company contending that the amount of goods claimed to have been consumed was exaggerated, it is *held:* That the trial court erred in admitting the testimony of firemen present at the fire, and of persons viewing the premises the day after the fire, the effect thereof being to show that the claim set up was excessive.

[Opinion filed December 2, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for plaintiff in error.

Messrs. MOSES, NEWMAN & PAM, for defendant in error.

GARY, P. J. This was an action upon a policy of fire insurance. On the trial the company defended mainly on the ground that no such quantity of goods as the appellant claimed, had been destroyed. The goods were a stock of women's apparel in a store conducted by, or in the name of the appellant. What, if any, objection the company made to her title to the goods, does not very clearly appear. Whether it was good against the creditors of her vendor, was a question with which the company could not meddle. Phœnix Ins. Co. v. Mitchell, 67 Ill. 43.

Whether the appellant's loss was exaggerated or not, was a question for the jury upon conflicting evidence, with certainly no great preponderance of competent evidence in support of the defense.

Against the objection and exception of the appellant, fire-

men, witnesses for the company, were permitted to testify that among firemen there was such a term as a "skin fire," "that applies to a fire that has run around the room very rapidly and destroyed light material. Still there is but very little burning, but everything that is very combustible will be destroyed." Then they were permitted to characterize the fire in this case as a "skin fire." They were also permitted, not only those who were present at the fire, but one who saw the premises the next day, to testify, that in their opinion it was "physically impossible" that the amount of goods could have been destroyed as the appellant claimed. That this opinion was incompetent evidence has been decided by the Supreme Court and by this court, in another case between this appellant and another company, for the same loss. Birmingham Ins. Co. v. Pulver, 126 Ill. 329; 27 Ill. App. 17.

This incompetent evidence may have turned the scale against the appellant. A jury would very likely attach a good deal of weight to the opinions of men whom they might suppose knew more of the matter from personal observation, than they could find out from testimony, and when slang phrases and a foundation for ridicule were added to the opinions, it is not strange that the verdict was against the appellant, even if she had a good case. Whether she has or not is a question for another jury, with evidence of this character excluded. This is not a case in which it can be seen that the jury were not influenced by the incompetent evidence, as in Crist v. Wray, 76 Ill. 204.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*