### Ira Barchard and H. C. T. Borrmann v. Josephine Kohn.

1. CHATTEL MORTGAGES—*Judgment Note—Extinguishment of Lien.*— A person took a judgment note, and to secure it, a mortgage on personal property. The note being unpaid, judgment was entered upon it and execution issued and levied upon the mortgaged property. A part of the property was set apart as exempt and the balance sold. *It was held,* that the levy of the execution extinguished the mortgage lien upon the goods so set apart as exempt.

2. REMEDIES—*When the Election of One Waives the Other.*—A mortgagor of chattels has two remedies: one by legal process against the property and the other by enforcing the mortgage. The election of one is a waiver of the other.

Memorandum.—Trespass for taking chattels, etc. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

APPELLANTS' BRIEF, JESSE HOLDOM, ATTORNEY.

It is contended that there was no foreclosure, because the defendant was pursuing a concurrent remedy at the time by an action at law upon the note. But a mortgagee has a right to do this. He may proceed concurrently with an action on his note and with lawful proceedings to foreclose his mortgage. This has been repeatedly held in regard to mortgages of real estate, and from the nature of the contract the rule is equally applicable to mortgages of personal property. Ely v. Ely, 6 Gray, 439; Draper v. Mann, 117 Mass. 439; Heburn v. Warner, 112 Mass. 271–273.

In Mutual Mill Ins. Co. v. Gordon, 20 App. Ct., on page 566, the court said: " The mortgage debt is the principal thing, and the mortgage but a mere incident of it. Coffing v. Taylor, 16 Ill. 457. The mortgagee may deal with the debt in the same manner as though it were unsecured. 'The vitality of the mortgage lien depends upon an existing indebtedness, and is an incumbrance upon the premises only to the extent of the subsisting indebtedness." Thompson v. Mead, 67 Ill. 395; Wetsel v. Mayers, 91 Ill. 497; Frink v. Pratt, 130 Ill. 333; Finney v. Harding, 32 Ill. App. 106; Cunnea v. Williams, 11 Brad. 78.

APPELLEE'S BRIEF, MORAN, KRAUS & MAYER, ATTORNEYS.

Borrmann waived his rights under the mortgage by putting the debt thereby secured in judgment, and causing execution issued thereon to be levied upon the mortgaged property. Buck v. Ingersoll, 11 Metc. 226; Swett v. Brown, 5 Pick. 178; Legg v. Willard, 17 Pick. 140; Libby v. Cushman, 29 Me. 429; Whitney v. Farrar, 51 Me. 418; Kimball v. Marshall, 8 N. H. 291; Haynes v. Sanborn, 45 N. H. 429.

Under the law of this State, a chattel mortgage is but a conditional sale, and when the mortgagor fails to perform the condition, the title to the mortgaged property, so far as it is held by the mortgagor, vests in the mortgagee. Rhines v. Phelps, 3 Gilm. 455; Pike v. Colvin, 67 Ill. 227; Durfee v. Grinnell, 69 Ill. 371.

Mr. Justice Gary delivered the opinion of the Court.

June 16, 1890, William Kohn, husband of the appellee, gave to H. T. C. Borrmann, one of the appellants, a chattel mortgage, to secure the payment of twenty-nine judgment notes. Kohn paid eleven of them, and March 19, 1891, Borrmann entered judgment against Kohn upon the others, took out execution, and levied upon the mortgaged chattels.

The chattels, which are the subject of this suit, were, under statutory proceedings, set off to Kohn as exempt from execution. Then they were turned over to appellee, and with them husband and wife occupied a store in which a sign with her name upon it hung from a lamp. The chattels not set off as exempt were sold under the execution, and Borrmann received the proceeds—less prior executions of other parties—satisfying a little more than half his debt.

April 13, 1891, the appellants, Borrmann and Barchard, the latter being a constable, went to the store claimed by the appellee as her own, and took the chattels under the mortgage. For that act this suit is brought.

The real question now is whether the levy of the execution extinguished the mortgage. There can be no doubt that it did as to the mortgaged property sold under the execution, but as to the portion set off as exempt, there is more difficulty.

From the mortgage Kohn could not claim any exemption. True, the mortgage had run out early in March, 1891, but it was still valid against him (unless extinguished by the levy), and whether she was in fact a purchaser, if material, was a question for the jury. Fuller v. Paige, 26 Ill. 358. For the appellee the court instructed the jury that the levy extinguished the mortgage, and that the duty of the jury was to find the appellants guilty; that the only question for the jury to decide was the amount of damages which the appellee was entitled to.

If the mortgage was extinct this instruction was correct, for if the appellants were mere wrong-doers, they could not question whether her ostensible purchase of the property was in good faith or not. Pulver v. Rochester Ger. Ins. Co.,

35 Ill. App. 24. The ground upon which a levy upon the mortgaged property under legal process for the same debt that is secured by the mortgage, is held to extinguish the mortgage is stated, with a collection of authorities in Dyckman v. Sevatson, 39 Minn. 132. The two remedies, by legal process against the mortgaged property, and by enforcing the mortgage, are inconsistent, and the election of one is a perpetual waiver of the other. There are cases to the contrary. Byran v. Stout, 127 Ind. 195.

In the absence of authority on the point in this State, we follow the current, and hold the election conclusive.

The actual damages to the appellee that are capable of mathematical computation, are sworn to be $483. In addition there is necessarily loss by interruption of business. The verdict and judgment are $800. We can not say that the damages are outrageous or excessive, the case being one in which it was a fair question before the jury whether vindictive damages should be awarded.

The judgment is affirmed.