## Western Brewery Company v. Marcellus Meredith.

1. INSTRUCTIONS—*Increasing the Measure of Proof.*—An instruction which requires the plaintiff to prove more than he avers in his declaration is properly refused.

2. CONTINUANCES—*On Amendment of the Pleadings.*—An amendment of a declaration which does not change the measure of proof, is no ground for a continuance.

**Action for Personal Injuries.**—Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed September 5, 1896.

TURNER & HOLDER, attorneys for appellant.

JONES & BLAIR and C. H. PATTON, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee, who was a brakeman at the time he was injured, brought this suit to recover damages for personal injuries averred to have resulted from appellant's negligence. He recovered $3,000 damages, for which sum and costs judgment was entered, to reverse which appellant took this appeal.

The averments charging negligence were substantially as follows: That plaintiff was a brakeman in the employ of the L. E. & St. L. Consolidated R. R. Co., and in the necessary performance of his duty, was on top of a moving box car, then being drawn by an engine along and over a certain

switch track of said railroad, leading into the premises of defendant, which switch track had theretofore been by said railroad company constructed for the accommodation of defendant and at its request; and while said railroad company, by its servants, of whom plaintiff was one, was then and there rightfully using said switch track in switching cars for the benefit of defendant, and while plaintiff was thus upon the top of said moving box car, in the discharge of his duties as such brakeman, exercising all ordinary care for his personal safety, and without any fault or negligence on his part, or on the part of his co-employes, or said railroad company, plaintiff, by reason and because of the willful, careless and negligent act of defendant, "in manner and form following :" That defendant, without the knowledge or consent of plaintiff's employer, and without the knowledge of plaintiff, a short time before the accident hereinafter mentioned, had constructed an iron pipe for the conveyance of steam from its engine house across said switch to the main building of defendant, and said pipe was carelessly and negligently placed over and across said switch track at such low elevation that it was impossible for plaintiff in discharge of his duties, while on the top of the box car as aforesaid, to pass thereunder, and while on the top of said box car and passing thereunder, and without knowledge that said pipe had been placed over said switch track, and without any fault or negligence on his part, and while acting with due care for his personal safety, plaintiff was by said pipe, so as aforesaid by said defendant carelessly and negligently constructed over and across said switch track, struck and knocked off of said box car, and thereby caused to fall to the ground, and as the result of such fall, he sustained a fracture of the hip, which has caused a permanent injury and rendered plaintiff incompetent to perform manual labor, and one of his legs, by reason of the said fracture, is and was materially shortened. The evidence justified the finding that appellant was guilty of the negligence as charged, and that appellee, while performing a necessary duty as brakeman, and exercising due care for his personal safety, was struck and

knocked off of the car by reason of the steam pipe being at such a low elevation as to cause the disaster. The evidence further shows that this pipe had been so placed within a week or ten days prior to the injury, and appellee had no knowledge that it was there, but was attending to his duty at the brake, approaching the pipe with his back toward it, when, on rising from a stooping position, he was struck and thrown from the top of the car to the ground, thereby receiving serious injuries, as charged.

The damages assessed were not excessive, and we find, upon examination of the record, that the court did not err in refusing to instruct the jury to find for the defendant, or in its rulings upon the admission of evidence. Instructions No. 2 and No. 3, given for plaintiff, are complained of, but the jury were not misled, or misinformed as to the law by either of them, but were told in No. 2, if they found from the evidence that certain facts were proved they should find for plaintiff. These were facts which, if true, gave plaintiff the right to recover, and were averred in the declaration.

No. 3 was proper in informing the jury they had the right, and it was their duty, to consider all the facts and circumstances in evidence before them, touching the nature and extent of plaintiff's injuries, if any, testified about by the witnesses in the case, in determining the amount of damages, if any, the plaintiff is entitled to recover.

The ruling of the court in refusing to give instructions three and four, as requested by defendant, it is insisted was erroneous, but the word *willfully* was used in each, as necessary to be proved to constitute the negligence charged, and said instruction four required the jury to find that defendant, in placing the pipe across the track, acted *willfully* and carelessly, with a total disregard of the safety of employes in placing the pipe across the track before they could find defendant guilty. This criticism arises from a misapprehension of the legal construction which must be given to the declaration. The act resulting in the injury complained of is thus charged, " in manner and form following, that is to say:" here follow the averments as to the

construction of said pipe across the track, and that said pipe was "*so carelessly and negligently* placed across said switch track" as to knock plaintiff off, and that he was by said pipe, by defendant "*carelessly and negligently constructed* over and across said switch track, struck and knocked off said car." The injury, therefore, is not charged to have resulted from a willful, but merely from a careless and negligent act. Hence the word "willfully" ought not to have been inserted in said refused instructions, as that would have required plaintiff to prove more than was averred. It was not error to refuse said instructions three and four. And in this connection, we also think it was not error to refuse to continue the case when the plaintiff struck out the word "willful" from the declaration, by leave of the court. This word appears in the .first part thereof, but as above stated, the injury was not charged to have resulted from a willful act, and striking the word out did not change the measure of proof. Crist et al. v. Ray, 76 Ill. 204. And no good reason appears why the judgment should be reversed. It is therefore affirmed.