## Nathaniel C. Foster v. Mary C. Van Ostern.

1. EQUITY PRACTICE—*Exceptions to Master's Report.*—When a party is dissatisfied with the finding of the master, he must make distinct exceptions, so the court can readily understand what matters are at issue between the parties, otherwise it will be understood that he acquiesces in such findings.

2. SAME—*Failure to Except in Trial Court.*—A party who is dissatisfied with the findings of the master and fails to except to them in the trial court can not do so on error or appeal.

3. SAME—*Reference to Exceptions in Decree.*—A mere reference to exceptions in the decree does not supply the absence from the records of specific objections. A court of review can not pass upon exceptions in ignorance of what they were.

4. AMENDMENTS—*Application for Leave Must be Made in Apt Time.*—An application by a defendant in a suit in equity for leave to amend his answer and cross-bill must be made in apt time, so that the complainant may not be surprised or the cause delayed; it is too late after the evidence is closed and the report of the master is filed.

**Mortgage Foreclosure.**—Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

THOMPSON & McCASLIN, attorneys for plaintiff in error.

JAMES E. PURNELL, attorney for defendant in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

January 17, 1893, one Mary L. Greene was indebted to Nathaniel Foster in the sum of $1,000, evidenced by her three promissory notes of same date, one for $500, due May 1, 1893, and two for the sum of $250 each and due respectively June 1, 1893, and July 1, 1893, each of said notes being payable to the order of Nathaniel Foster, and bearing interest at the rate of six per cent per annum. To secure payment of this indebtedness Mary L. Greene, executed to Foster a chattel mortgage of certain property, of even date with the notes, which is in the usual form and which was duly acknowledged and was recorded April 5, 1893, at 12 o'clock noon.

The defendant in error, claiming to be the owner of the note for $500, due May 1, 1893, by purchase and assignment from plaintiff in error some time in May, 1893, after the note had matured, filed a bill July 19, 1893, making plaintiff in error and Mary L. Greene defendants, praying a foreclosure of the mortgage, and in case the proceeds of the sale of the property should not be sufficient to pay the note, etc., for a judgment *in personam* against Mary L. Greene. The bill alleges that the defendant, Foster, made an endorsement on the note to the effect that the same should be payable to complainant, but added thereto, without any agreement on her part, the words "without recourse." Plaintiff in error answered the bill admitting the endorsement as alleged in the bill, but denying the assignment to defendant in error as therein alleged, and averring that on or about May 1, 1893, Mary L. Greene paid the $500 note, and it was surrendered to her; and also that he, plaintiff in error, was the sole owner of the remaining notes and the chattel mortgage.

Mary L. Greene answered, admitting the execution of the notes and mortgage, and averring that she, Greene, paid the $500 note with money loaned to her by defendant in error, and that by agreement with her, she, Greene, permitted her to retain the note as evidence of the loan. Plaintiff in error filed a cross-bill averring that defendant in error loaned to Mary L. Greene money to pay the $500 note, and that it was paid by Greene; that plaintiff in error is the owner of the remaining notes, and the mortgage, admitting the endorsement and denying the assignment, praying for an accounting, and that he be held to have a first lien, and that the mortgaged property be sold to satisfy his debt, and that defendant in error be held to have no lien, etc.

Answers were filed to the cross-bill by defendant in error and Mary L. Greene, but as they do not change the issues made by the pleadings already noticed, it is unnecessary to refer to them in detail. The issues of fact between plaintiff in error and defendant in error was whether the $500 note was purchased by defendant in error and assigned to her as

averred in her bill.  September 26, 1893, after the cause was at issue, the court referred it to the master to take proofs and report the same to the court, with his opinion as to law and evidence.  The master finds, among other things, as follows:  "That the defendant endeavored to show the complainant merely loaned $500 to the defendant, Greene, as a matter of friendship, and that the complainant took the note from Mr. Wells as an evidence of the loan; that the circumstances in the case do not support the position, and that the complainant had the same security that Mr. Foster had and should stand in his position."  Having examined the evidence we fully concur in the finding of the master.

The endorsement on the note is as follows:

"Pay to the order of Mary C. Van Ostern without recourse.

Sig.    N. C. FOSTER."

Plaintiff in error did not deny the genuineness of the endorsement or his signature thereto.  On the contrary his evidence tends to corroborate that of defendant in error. Plaintiff in error was a resident of the State of Wisconsin, and one Wells was his agent in this city and had the note in question in his possession, and originally held it for collection.  Plaintiff in error testified:  "I am under the impression that the note was sent to me and endorsed to Mr. Wells first, to pay him, and I really think it was sent back to be changed."  In his cross-examination he was asked and answered as follows:

Q.  "Do you recollect about the time that the note was transferred to Mrs. Van Ostern, the $500 note in question?"

A.  "I know about the time."

Q.  "What was the date?"

A.  "I could not give you the date."

Q.  "What month was it?"

A.  "I don't know that I could give the month it was transferred, it was done through Mr. Wells."

Wells, agent of the plaintiff in error, testified that he gave a receipt to Mrs. Van Ostern at the time of the transaction in question.  There is other evidence corroborative of that

of defendant in error, to which it is unnecessary to refer for
reasons which will appear hereafter.

Counsel for plaintiff in error attempt to explain the evi-
dent inconsistency between the special endorsement of the
note and the theory that the note was paid by the maker,
Mary L. Greene, and was surrendered to her, by claiming
that the note was endorsed for collection. This is no expla-
nation. Wells, and not Mrs. Van Ostern, was Foster's
agent, and the endorsement would prevent collection by
Wells, because after the endorsement he could not collect
without an additional endorsement by defendant in error.

A large part of the brief of counsel for plaintiff in error
is devoted to a discussion of the evidence for the purpose of
showing that the master's findings were erroneous, but no
exceptions to the master's report have been preserved.

It is true the decree recites that the cause was heard on
the pleadings and proofs, oral and documentary, submitted
to the master, and exceptions filed to the master's report,
but if there were any such exceptions, they are not shown
in the abstract or in the record. " The practice is, when a
party is dissatisfied with the finding of the master in chan-
cery, he shall make distinct exceptions, so the court can
readily understand what matters are at issue between the
parties, otherwise it will be understood he acquiesces in the
conclusions and findings of the master." Singer et al. v.
Steele, 125 Ill. 426. And if he fails to except below, he can
not do so on error or appeal. A mere reference to excep-
tions in the decree no more supplies the absence from the
record of specific objections, than does the recital of a
motion for a new trial in a judgment at law obviate the
necessity of such motion appearing in the bill of excep-
tions. It is obvious that a court of review can not pass on
exceptions in ignorance of what they were.

It is assigned as error, that the court refused to allow
amendments to be made to the answer and cross-bill of
plaintiff in error. After the master's report was filed, plaint-
iff in error moved for permission to amend his answer and
cross-bill by setting up a mortgage executed by Mary L.

Foster v. Van Ostern.

Greene to him of the same property described in the mortgage which defendant in error sought by her bill to foreclose, and of the same date as said last mentioned mortgage, and recorded at the same time, to secure payment to plaintiff in error of $1,875, evidenced by promissory notes of even date with the mortgage, executed by Mary L. Greene to plaintiff in error, and due, respectively, one in each of fifteen months from the date thereof, the first being due in one month and the last in fifteen months from date.    Plaintiff in error filed an affidavit in support of his motion, in which he sought to excuse his failure to set up the last mentioned mortgage in his original answer and cross-bill, by alleging that he was guarantor for Mary L. Greene on a lease assigned to her by a Mrs. Wickersham, who also sold her the mortgaged property; that Greene was largely behind in rent due by the terms of the lease; that the lessor had sued him, and that he feared originally to set up his mortgage in the present case, lest it militate against him in defending the suit on his guaranty, but that since said time he had been informed by counsel that such would not have been the effect of setting up the mortgages, etc.    The excuse, in substance, is that plaintiff in error feared that if the plaintiff in the guaranty suit should know that he, plaintiff in error, had taken a mortgage to secure him against loss by reason of his guaranty, it might weaken his defense in the guaranty suit, and that rather than disclose the mortgage by setting it up in his original answer and cross-bill, he preferred to take his chances of defending against the bill of defendant in error on other grounds.    This excuse, if it can be called such, was not entitled to serious consideration.    The amendment sought to be made was material, the original cross-bill was sworn to, the proofs were closed, so that the application was not made in apt time, and no sufficient excuse was shown for not setting up the matter of the proposed amendments in the original answer and cross-bill. Gregg v. Brower, 67 Ill. 525.

Such an application must be made in apt time, so that the complainant may not be surprised or the cause delayed. Maher v. Bull, 39 Ill. 531.

The reference to the master was to take and report evidence, with his conclusions thereon, and the master's report having been filed before the application to amend was made, it was too late, because then no evidence beyond that contained in the report could be heard.   Cox v. Pierce, 120 Ill. 556.

Under these circumstances the court was fully warranted in overruling the motion for leave to amend.

There was considerable evidence as to the question whether the words "without recourse" were or not added contrary to the agreement of the parties.   The question is immaterial in the present case, because the only effect the words could have would be to exempt plaintiff in error from personal liability, and it was not sought to charge him personally, nor does the decree purport to so charge him.   The $500 note was what is called a judgment note, and it appears from the record that defendant in error had caused judgment to be entered on the note prior to filing her bill. Counsel for plaintiff in error insists that, defendant in error having elected to pursue her remedy at law on the note, she thereby waived the remedy by bill to foreclose the mortgage, and cites in support of this contention Barchard v. Kohn, 54 Ill. App. 629, but that case was reversed in Barchard v. Kohn, 157 Ill. 579; the court holding in the latter case, that the remedies are concurrent and neither exclusive of the other.

The $500 note being the first to fall due, defendant in error had the prior lien.   Koester v. Burke, 81 Ill. 436; Jones on Mortgages, Secs. 406, 1699.

It is also assigned as error that the decree is erroneous in not crediting plaintiff in error with the sum of fifty dollars on the proceeds of the sale of the mortgaged property. December 9, 1893, an order was made in the cause, directing plaintiff in error to sell the property described in the mortgage as soon as possible, for not less than $300, and to hold the proceeds subject to the order and distribution of the court.   December 10, 1894, an order was entered directing plaintiff in error to report to the court within five days,

Foster v. Van Ostern.

his acts, etc., in relation to the sale of the property.    After several extensions of the note and efforts of plaintiff in error to avoid compliance with the order, Mr. Thompson, solicitor for plaintiff in error, on January 10, 1895, made a report in the name of plaintiff in error, verified by his, Thompson's affidavit, stating in substance, that some time in December, 1893, the exact date he could not remember, he sold the property to one Paschal R. Smith, for the sum of $300; that the defendant, Mary L. Greene, being unable to take care of the property, he had been compelled to place a man in charge of it at an expense of $15, and to pay solicitor's fees in and about taking care of it and preserving it to the amount of $35.    It is not stated whether the charge of $15 was made for the care of the property before or after December 9, 1893, when the order directing plaintiff in error to sell it was made, and it is admitted in the brief of counsel for plaintiff in error, that plaintiff in error took possession of the property about November 1, 1893, more than a month before the order directing a sale was made, and after the court had acquired jurisdiction of all the parties.    This, if not a contempt of court, was clearly unwarranted, and it not appearing that the expense of taking care of the property did not accrue before the order of sale was made, the court was justified in not allowing the $15 item.    There is nothing in the report showing the necessity of the services of a solicitor in taking care of the property, nor that the fee charged, if any, was reasonable, and it is difficult, if not impossible, to understand how plaintiff in error could need any legal advice with regard to so simple a matter as taking care of the ordinary household furniture described in the mortgage.    There was not a sufficient showing to entitle the plaintiff in error to the credit allowed.    The decree is affirmed.

WINDES, J., took no part in this decision.