Valle v. Ziegler.

VALLE v. ZIEGLER, *Collector, et al., Appellants.*

1. **Injunction :** TAXES. Injunction is an appropriate remedy to prevent the enforcement of the collection of taxes against property not the subject of taxation.

2. **Taxation:** BONDS OUT OF STATE. Bonds owned by a citizen of this state, but kept in New York, in good faith, because the interest was payable there, and not to avoid taxation in this state, are not taxable here, under the revenue law, as it existed in 1879.

3. **Manufacturing Companies :** CAPITAL STOCK : TAXATION OF. Shares of stock owned by individuals in manufacturing companies are not subject to taxation, under our revenue law.

4. **Property, Taxation of.** In order that property may be taxed, it must be by law subjected to taxation.

*Appeal from Ste. Genevieve Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*B. B. Cahoon, H. S. Shaw* and *D. H. McIntyre,* Attorney General, for appellants.

(1) Equity will not interfere by injunction to restrain the enforcement of tax proceedings, even where no notice

of it has been given, on the grounds of informalities, irregularities or errors in the assessment of the tax, not affecting the substantial justice of the tax itself, inasmuch as such things do not as a matter of law in any manner vitiate the tax or assessment. *Meyer v. Rosenblatt*, 78 Mo. 496 ; High on Injunctions, sec. 355 ; Cooley on Taxation, pp. 540, 541, 154, 155, and 156 ; *Chicago v. Fravy*, 22 Ill. 34 ; *Beers v. People*, 4 Cen. L. J. 190 ; *St. Louis National Bank v. Papin*, 3 Ib. 671 ; *State R. R. Tax cases*, 92 U. S. 613 ; R. S. 1879, secs. 6710 and 6731. (2) An injunction will not lie to restrain a county collector from collecting taxes upon personal property which is embraced in his tax book and having on its face all the appearance of regularity as to its assessment. *Deane v. Todd*, 22 Mo. 90 ; *Sayres v. Tompkins*, 23 Mo. 443 ; *Lockwood v. St. Louis*, 24 Mo. 20 ; *Barron v. Davis*, 46 Mo. 394 ; *McPike v. Penn*, 48 Mo. 525 ; *Bank v. Meredith*, 44 Mo. 500 ; *Hopkins v. Lovell*, 47 Mo. 102 ; High on Injunctions, secs. 354 and 362 ; Cooley on Taxation, p. 536 ; *State R. R. Tax cases*, 92 U. S. 575. (3) The St. Louis water bonds, under the evidence in this case, and under the laws of Missouri, were assessable and taxable in Ste. Genevieve county for 1879. R. S. 1879, sec. 6662 ; *Kirkland v. Hotchkiss*, 100 U. S. 491 ; 15 Wall. 320 ; Cooley on Taxation 65 ; Burroughs on Taxation, secs. 41, 134, and 432 : *Latrobe v. Mayor, etc.*, 29 Md. 49 ; *Webb v. Burlington*, 28 Vt. 198. (4) The two hundred shares of the stock owned by appellees in the Iron Mountain Company (which is an iron manufacturing corporation) and which was assessed at $100,000, was subject to taxation for the year 1879, under the constitution and laws of Missouri. *Farrington v. Tennessee*, 95 U. S. 687 ; *Deering v. Perdicaries*, 96 U. S. 196 ; *Bradley v. The People*, 4 Wall. 462 ; *Dwight v. Mayor of Boston*, 12 Allen 316 ; *Howell v. Cassapolis*, 35 Mich. 472 ; 14 Ind. 27 ; Cooley on Taxation, 15, 16, 274.

*Smith & Krauthoff* and *William Carter* for respondent.

(1) The weight of opinion in this and other states is that a court of equity has jurisdiction to prevent by injunction the collection of an illegal or unconstitutional tax. *State v. Sanderson*, 54 Mo. 203 ; *Mathis v. Cameron*, 62 Mo. 504 ; *State v. Saline County Court*, 51 Mo. 350 ; *Newmeyer v. M. & M. R. R. Co.*, 52 Mo. 81 ; *Overall v. Ruenzi*, 67 Mo. 203 ; *Ranney v. Bader*, 67 Mo. 476 ; *Ewing v. Board of Education*, 72 Mo. 436 ; *Henry v. Dulle*, 74 Mo. 443 ; R. S. 1879, sec. 2722. (2) The board of equalization had no power to make assessments. R. S., secs. 6672 and 6673 ; *P. R. R. v, Cass Co.*, 53 Mo. 17. The attempted assessment by the board was void, on the ground of want of notice. R. S., sec. 6673 ; *P. R. R. v. Cass Co., supra* ; *Koch v. R. R.*, 77 Mo. 354 ; *George v. Middough*, 62 Mo. 549. (3) The water bonds were not subject to taxation here. *Wiggins Ferry case*, 40 Mo. 581 ; *Taylor's case*, 47 Mo. 595. A state has no power to impose a tax upon property whose actual *situs* is within a foreign jurisdiction. (4) The testimony shows that the Iron Mountain Company is a manufacturing corporation, organized under chapter 69, General Statutes, 1865, and that all its property, real and personal, has been assessed at its value, and that the taxes thereon have been duly paid ; that the plaintiff, Odile Valle, is the owner of certain shares of stock issued to her late husband by said company, which evidence her interest and estate in such property. Said stock is not taxable against respondent. To do so would be double taxation. R. S., secs. 6692 and 6685 ; *New Haven v. Bank*, 31 Conn. 114. The capital stock represents the company. *H. & St. Jo. R. R. v. Shacklett*, 30 Mo. 550 ; s. c. 37 Mo. 265 ; *Scotland Co. v. R. R.*, 65 Mo. 123 ; *Tax cases*, 12 Gill. and J. (Md.) 117 ; *Burke v. Badlam*, 57 Cal. 594 ; *San Francisco v. Mackay*, 10 Sawyer, 300. Where the property of a corporation has been taxed, it is almost universally held that to tax the

shares of its capital stock would be double taxation. *State v. Ry.*, 77 Mo. 202; Cooley on Taxation, 392, 393, 168; Pierce on Railroads, 110, 79; *Rome R. R. v. Rome*, 14 Ga. 276. There is no statute in this state which in terms requires these shares to be assessed to the holders, and no ruling to that effect can be made by construction of other provisions. Independent of the constitutional provision, double taxation is regarded as unjust, and no construction of a statute is to be adopted from which such taxation will result, unless there is no room for doubt that such was the legislative intent. *State v. Ry. Co.*, 77 Mo. 202, 209, 210; *State v. Love*, 37 N. J. Law 261; *State v. R. R.*, 40 Md. 22, 51, 52.

HENRY, C. J.—This suit is to restrain the collector of the state and county revenue of the county of Ste. Genevieve, from collecting certain taxes in favor of said county and the state, charged against respondent on the tax books for the year 1879. It appears that the assessor for that year did not return the property in question, which consisted of seventy-seven St. Louis water bonds for $1,000 each, and two hundred shares of the capital stock of the Iron Mountain Company, a manufacturing corporation, but the board of equalization for said county, which met and organized in April, 1879, made the assessment, or rather, ordered the assessor to add the property to plaintiff's list. No opportunity to appeal from the assessment was given her, and, while there is evidence tending to prove that she was aware that the board had the matter under consideration, she had no formal notice to appear before them, nor did she, in person, appear, and the testimony leaves it in doubt whether any one appeared for her, who was authorized to do so.

It is contended that injunction is not the plaintiff's proper remedy. That by such proceeding she waives any irregularities in the proceeding relating to the assessment, and that nothing appears in the record against the

assessment, except irregularities.  If this were true, the position of appellant's counsel would be worthy of consideration, but, in addition to alleged irregularities, respondent contends that the property could not, under the law, be assessed for taxation at all, and if that be so, then the right of the party complaining to resort to this remedy we think settled by the following cases : *State v. Saline County Court*, 51 Mo. 350 ; *Newmeyer v. M. & M. R. R. Co.*, 52 Mo. 81 ; *Overall v. Ruenzi*, 67 Mo. 203 ; *Rubey v. Shain*, 54 Mo. 207 ; *Ranney v. Bader*, 67 Mo. 476 ; *Ewing v. Board of Education*, 72 Mo. 436.  The court below found, and we think the evidence fully sustains the finding, that the St. Louis water bonds were in the city of New York continuously for several years prior to April, 1879, and not sent there to avoid taxation in this state, but in good faith, because the interest was payable there.  They were, therefore, not taxable in this state, as is well settled by the following cases : *City of St. Louis v. Wiggins Ferry Co.*, 40 Mo. 581 ; *State on pet. of Taylor v. St. Louis County Court*, 47 Mo. 594 ; *State ex rel. v. Howard County Court*, 69 Mo. 454.

Section 6662 of the Revised Statutes does not introduce a different rule as to personal property beyond the limits of the state.  It simply provides, that : "All personal property * * * situate in a county other than the one in which the owner resides, shall be assessed in the county where the owner resides ; and the owner, in listing it, shall specifically state in what county it is situate."  This has no reference to property not within the state.  By an act passed in 1883 it is otherwise, but that act does not affect this case.  Nor were plaintiff's shares of stock in the Iron Mountain Company taxable for state or county purposes.  Section 6685 of the Revised Statutes requires the assessor to call upon each taxpayer, who is required to make a correct statement of all his taxable property, and declares what the list thereof shall contain, and it is too lengthy for insertion here ; no reasonable construction of any portion of the section

will include shares of capital stock in a manufacturing company, owned by the person making the list.

On the other hand, section 6692 declares that: "The property of manufacturing companies and other corporations named in article eight, chapter twenty-one, and of all other corporations, the taxation of which is not otherwise provided for by law, shall be assessed and taxed as the property of individuals." It then declares how the shares of stock owned by individuals in banks and banking institutions and insurance companies shall be taxed; but we have found no provision of law authorizing the levy of a tax upon shares of stock, owned by individuals, in manufacturing companies. In order that property may be taxed, it must, by law, be subjected to taxation. It is not sufficient that the legislature might have subjected it to taxation. *The State v. The St. L., K. C. & N. Ry. Co.*, 77 Mo. 202. The general assembly has declared what property of the citizen shall be embraced in his tax list, and this property is not named. It has declared that the property of manufacturing companies shall be taxed as the property of individuals.

An intent to tax both the capital stock and the property of a corporation must be clearly declared, or it will not be imputed to the legislature. It is duplicate taxation. The property represents the capital stock, whether, in all cases, the capital stock represents the property or not. *State v. St. L., K. C. & N. R. R. Co.*, *supra*, and cases there cited. It may be that the legislature, as an encouragement to manufacturing companies, purposely omitted their capital stock in the specification of property to be taxed. It does not follow, because it would be constitutional to tax both the property and capital stock of such companies, that both may be assessed for taxation, although no act of the general assembly authorizes it. This question was fully considered in the case of the *State v. St. L., K. C. & N. R. R. Co.*, *supra*, and we see no occasion for re-arguing it.

The judgment of the circuit court is affirmed. All concur.