OGDEN, *Appellant*, v. THE CITY OF ST. JOSEPH.

1. **Municipal Corporation:** CITY OF SECOND CLASS, TAXATION OF SHARES OF STOCK OF BUSINESS CORPORATION BY. A city of the second class is empowered by section 4701 of the Revised Statutes to tax shares of stock in a business corporation owned· by a resident of such city, where the property of the corporation is without the jurisdiction of the city and cannot be taxed by it. And it

makes no difference that the property of the corporation is located in another state and taxed there.

2. **Taxation**: SHARES IN CORPORATION, SITUS OF. The situs of shares of stock in a corporation is the residence of the owner, where the contrary is not declared by statute, and if taxed to him as personal estate are properly taxable by the jurisdiction to which his person is subject, whether the corporation be foreign or domestic.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Green & Burnes* and *White & Spencer* for appellant.

(1) The city should not be allowed to levy and assess taxes upon this stock, first, because it has no inherent power to levy taxes, and no grant of power has been made permitting it to levy and collect taxes on such stock. Cooley on Taxation [2 Ed.] 678; R. S., secs. 4694, 4696; *State v. Shortridge*, 56 Mo. 126, 130; *Davis v. Swope*, 47 Miss. 367; *Valle v. Ziegler*, 84 Mo. 214. Because if the letter of the law seemingly includes such stock, the court will avoid such literal construction, because it leads to duplicate taxation, which is unjust and unconstitutional. Const., art. 10, sec. 4; *Burke v. Badlam*, 57 Cal. 594; *State v. Railroad*, 77 Mo. 202. (2) The state cannot authorize the city to tax shares of stock in corporations, such as are described in the abstract in this case, the entire property of which is and has always been permanently located in another state. Cooley on Taxation, 14; *Trowbridge v. Com'rs of Taxes*, 4 Hun [N. Y.] 595, affirmed in court of appeals, 62 N. Y. 630; *People v. Commissioner of Taxes*, 5 Hun [N. Y.] 200, affirmed by court of appeals, 64 N. Y. 541. (3) The shareholders are the real and beneficial owners of the property of the corporation, the legal title to which, for the purpose of conveyance, has been vested

in the corporation as trustee for them.    Morawetz on Corp., sec. 281; *State v. Railroad*, 37 Mo. 269, 270; *Burke v. Badlam*, 57 Cal. 594.

*James Limbird* for respondents.

(1) Shares of stock are personal property.    Universal Cyclopedia of Law, sec. 2636 ; Thompson Liability of Stockholders, sec. 248 ; Green's Brice's *Ultra Vires*, p. 178, note *a;* 2 Bouvier's Law Dict., p. 327, Personal Prop., sec. 2; 1 Desty on Taxation, 355; *Seward v. Rising Sun City*, 79 Ind. 351; R. S., 1879, sec. 6664; also page 136, Laws 1883.    (2) Shares are the property of shareholders and are taxable to them.    1 Desty on Taxation, 355; *Tucker v. Aiken*, 7 N. H. 113; *Town of St. Albans v. The National Car Co.*, 11 Am. and Eng. Corp. Cases, 649, and authorities above quoted.    (3) All shares of stock of any incorporated company are taxable at the residence of the owner.    R. S., 1879, secs. 4701, 6662; Cooley on Taxation [2 Ed.] 57, 221, note 1, 224; Burroughs on Taxation, 170; 1 Desty on Taxation, 356, note 13, and authorities therein cited ; 20 Central Law Journal, 479.    (4) Shareholders are liable to be taxed on the market value of their stock, regardless of the fact that the capital of the corporation has also been taxed, and that the same has been paid.    1 Desty on Taxation, 356, and note 13; Cooley on Taxation [2 Ed.] 231, and authorities cited in note 1, page 232; *Seward v. Rising Sun*, 79 Ind. 351 ; *Minturn v. Hays*, 2 Col. 590 ; 22 Central Law Journal, p. 11, par. 3; *Belo v. Commissioners*, 82 N. C. 415; *Cook v. Burlington*, 13 N. W. Rep. 113 ; *Farrington v. Tennessee*, 95 U. S. 679 ; *Ryan v. Board of Com.*, 3 Am. and Eng. Corp. Cases, 392; *San Francisco v. Flood*, 3 Am. and Eng. Corp. Cases, 404; *Bank v. Richmond*, 79 Va. 113; *San Francisco v. Fry*, 1 Am. and Eng. Corp. Cases, 431.    (5) The capital stock is the property of the corporation and as such

taxable to the corporation. Desty on Taxation, 356, note 13, and authorities there cited. (6) The authorities cited by appellant are not applicable in this case because capital stock is the property of the corporation and taxable to them in Texas. See authorities cited above. (7) Shares of stock are personal property and must be listed by the owner. Laws 1883, pp. 135, 136. The assessor is required by law to make and return to the city council a full and complete assessment of all property, real and personal. R. S., sec. 4700. The tax list is to embrace the amount of stock or shares in any company or corporation, not required to be otherwise listed. R. S., sec. 4701. The mayor and common council shall have power by ordinance to levy and collect a general tax upon all property in the city liable to taxation for state and county purposes. Laws of 1885, sec. 32, p. 57. Shares of stock may be sold for taxes due on them. R. S., sec. 4725.

BLACK, J.—The defendant is a city of the second class under the general laws of this state. The plaintiff is a resident of the city of St. Joseph, and owns two shares of stock, one in a corporation organized under the laws of this state, and the other under the laws of the state of Texas. Both corporations are such as are contemplated in article 8, chapter 21, of the Revised Statutes. The further agreed facts are that the property of these corporations, consisting of cattle, horses and real estate, is and at all times has been permanently located in the state of Texas, and there taxed by the laws of that state.

The question is, whether these two shares, certificates of which are in the possession of plaintiff, should be listed for taxation for city purposes for the year 1886. The question is not free from difficulty and it, therefore, becomes necessary to quote liberally from the statute with respect to cities of the second class.

Section 4694 is as follows: "The common council shall have power to levy and collect a general tax of not exceeding one per centum for each fiscal year, upon all property in the city liable to taxation for state purposes, and not by general law exempt from municipal taxation."

Section 4700 makes it the duty of the assessor to return to the council a complete assessment of all property except merchandise, "and excepting the property of corporations whose capital stock is liable to taxation at the cash value of such property."

By section 4701 owners of personal property subject to municipal taxation must deliver to the assessor a list thereof with the cash value, stating in the list the property by classes, the sixth of which is: "The amount of stock or shares in any company or corporation not required by law to be otherwise listed."

Section 4704 provides: "The property of all corporations and companies, except the personal property of incorporated banks, shall be assessed and taxed as the property of individuals is assessed and taxed. All shares of stock of incorporated banks, whether organized under the laws of this state or of the United States, shall be assessed at their actual cash value." The president of the bank is then required to deliver to the assessor a list of the shares with the names of the owners and the cash value thereof, together with a list of the real estate belonging to the corporation. The bank is required to pay the tax as the agent of the owners, but may recover from the owner the amount paid, or deduct it from dividends.

From the section last cited it is clear that shares of stock in incorporated banks must be listed and taxed. Though they are listed by the president, they are taxed to and as the property of the owners thereof. It is equally clear that the property of all other corporations must be assessed against the corporation. This section

is the same as section 6692 of the present general state and county revenue law, except that there insurance companies are included with banks. This method of taxing banks and insurance companies by assessing the shares of stock, and other corporations by assessing the property of the corporation, has been a part of our system of taxation for many years. 2 W. S., p. 1165, sec. 36. This court recently held in *Valle v. Ziegler*, 84 Mo. 214, that shares of stock in a manufacturing corporation created under the laws of this state were not to be taxed for state and county purposes, but that the property of the corporation should be taxed. The ruling goes upon the ground that to tax both the entire property of the corporation and also the shares of stock would, in a sense, be double taxation; and that an intent to tax both must be clearly declared, or it will not be imputed to the legislature. It is true the shares are personal property and are distinct from the property of the corporation. It is doubtless within the power of the legislature to tax both the shares to the holders thereof, and the property of the corporation to it; but a statute will not be so construed unless required by express words or necessary implication. Cooley on Tax. [3 Ed.] 227, 229. This principle is to be applied in the further consideration of these sections.

By section 4700 the assessor does not include in the assessment "the property of corporations whose capital stock is liable to taxation at its cash value." The words "capital stock" are evidently here used as meaning the shares of stock, and not the money paid or agreed to be paid in as the basis of business, or its equivalent, the property in which such money has been invested; for the property excepted from the assessment roll must be the personal property of incorporated banks. The exception can have no other application. Thus far the two sections are entirely consistent.

Now does the clause in section 4701, which requires

the individual when giving in his taxable property to include "the amount of stock or shares in any company or corporation not required by law to be otherwise listed," require him to list his shares in these corporations, the property of which must be assessed as the property of individuals is assessed? If it does, then in these manufacturing and business companies the shares of stock, and all of the property of the corporation must be taxed; whereas in case of banks, the shares and real estate only are taxed. The reason for such a distinction is not readily seen. Especially is this so in view of the fact that it is the legislative policy of the state to allow these business corporations to be created for a great variety of purposes. Practically, they have many of the characteristics of partnerships, though corporations they are in contemplation of law. If the manufacturing or business corporation is located in the city and the shareholders are all residents, and the shares are to be listed, then the property of the corporation would come within the exception of section 4700, and not be put upon the assessment roll, yet section 4704 says the property must be assessed. To make this clause harmonize with the other provisions of the statute we must regard the shares as listed when the property of the corporation is required to be assessed and taxed as the property of individuals is assessed. Then, in case of corporations whose property is required to be assessed by section 4704, the shares need not be listed.

But in the present case the entire property of both corporations is located permanently outside of and beyond the limits of the city, and is, therefore, not required to be assessed. The clause in question is to have some effect accorded to it, if it can be done consistently with the other sections. It is agreed that the plaintiff is a resident of the city; and as the property of these corporations cannot be assessed, there would seem to be no reason why the shares of stock should not be. We

conclude it is this class of cases which the clause is designed to reach.  The objection made to this conclusion is that the power to levy a general tax of one per centum, and a tax sufficient to pay maturing bonds, is, by section 4693 and 4696, limited to property real and personal "within the city" or "in the city."  These sections are not different from sections 31 and 32 of the act of 1885 (Acts of 1885, p. 50).  The limitation can have full application to tangible personal property, but the situs of such intangible property as shares of stock is the residence of the owner, when the contrary is not declared by statute.  In Cooley on Taxation, page 22, it is said:  "Shares in a corporation are also the shares of the stockholder wherever he may have his domicil, and if taxed to him as personal estate can only be so taxable by the jurisdiction to which his person is subject, whether the corporation be foreign or domestic." The same principle is asserted in *Inhabitants v. Commissioners*, 16 Pick. 572, and *Tappan v. Bank*, 19 Wall. 490.  It is unquestionably within the power of the legislature to make shares of stock taxable to the owner at his place of residence; and this we are of the opinion this statute was designed to do and does do. Otherwise one of these corporations may be located at, and all the stockholders reside in, the city and have the protection of the municipal government, and yet pay no share of the public burden on the aggregated wealth thus invested, because the property of the company is without the jurisdiction of the city.  The fact that the property of the corporations is taxed in the state of Texas is of no consequence, if the law requires the shares to be assessed and taxed here, at the residence of the owner.  *Bradley v. Bauder*, 36 Ohio St. 28 ; *Sturges v. Carter*, 114 U. S. 521.

The judgment of the circuit court, holding that these shares should be listed for taxation, is correct and it is affirmed.  All concur.