THE STATE *ex rel.* GRACY, *Collector*, v. CATRON,
*Appellant.*

### Division One, November 27, 1893.

1. **Taxes:** BANKING CORPORATION: STATUTE. Under Revised Statutes, 1879, sections 6692, 6693, taxes should be assessed in the names of the owners against the shares of stock of a banking corporation and not against the corporation or the property which the shares represent.

· 2. ——: ——: ——. Such shares of stock should be assessed at their actual cash value.

3. ——: ——: ——. A stockholder of a banking corporation is not liable for taxes assessed against the property of the corporation.

*Appeal from Newton Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

REVERSED.

*George Hubbert* with *M. E. Benton* for appellant.

(1) The discrimination against personal property employed in banking, and in favor of other personal property not so employed as a necessary consequence, by the local authorities charged with the administration of the revenue law, was a palpable violation of the constitution, under which taxation is lawful only in proportion to the real value of the property taxed, and only·when uniform upon the same class of subjects, and only when in pursuance of general laws for equalization and levy. Const. Mo., art. 10, secs. 3, 4; Revised Statutes, 1879, secs. 6711, 6672, 6673; 2 Desty on Taxation, sec. 118, p. 642; *Tierney v. Lumber Co.*, 47 Wis. 250; *Philleo v. Hiles*, 42 Wis. 527; *Plummer v. Marathon*, 46 Wis. 163; Cooley on Taxation, pp. 218, 219

[2 Ed.]   (2) The failure on the part of the assessor to return the real and personal property of the county, listed and valued in one book, and the like failure to cover all of both classes of property in one tax book was all in clear disregard of positive law.  Revised Statutes, 1879, secs. 6723, 6718; Amended, by Laws of 1891, pp. 192, 193; Revised Statutes, 1879, sec. 6722; *State ex rel. v. Cook*, 82 Mo. 185; *State ex rel. v. Schooley*, 84 Mo. 447.  (3) The judgment of the court below was practically an unauthorized judicial assessment, equalization and levy of a personal tax against appellant which might have been levied, if at all, against the organized joint stock or corporate body only.  Revised Statutes, 1889, secs. 7626, 7610; *Bemis v. Boston*, 14 Allen, 366; *Peabody v. Co. Com.*, 10 Gray, 97.  (4) Even the petition in this case does not aver that any tax was ever assessed, levied or charged against appellant personally.  The charge is that "there was legally assessed and levied against said property" the taxes sued for.  And what property was assessed? Not any shares of stock.  Simply "money, notes, bonds and other credits" and "other personal property" in the name of the "Bank" as "owner."  This appears from the evidence.  It is submitted that no court, of law or equity, has power to so fix, levy, or distribute a tax charge, or liberty to ignore the exacting rule that every statutory requirement must be met and performed with strictness, as necessary precedent conditions to the collection of a tax.  3 Cush. 567, 572; *City v. Mock*, 72 Mo. 61; Cooley on Taxation [1 Ed.], pp. 259, 289, 278, 397, 399.

*O. L. Cravens* and *L. W. White* for respondent.

(1) In an action to recover a tax levied the defendant cannot show there was inequality in the valuation by the assessor, as the board of equalization is the only

tribunal that has jurisdiction to adjust over valuation of property by the assessor. *Meyer v. Rosenblatt*, 78 Mo. 495; *Potosi v. Casey*, 27 Mo. 372; *State ex rel. v. Dowling*, 50 Mo. 134; *State ex rel. v. County Court*, 47 Mo. 594; *Ins. Co. v. Charles*, 47 Mo. 462; *Railroad v. Maguire*, 49 Mo. 482; Cooley on Taxation [2 Ed.], p. 747; Revised Statutes, 1879, sec. 6711; Revised Statutes, 1879, sec. 6671, amended, Laws 1887, p. 232; Revised Statutes, 1879, sec. 6672; sec. 6673, amended, Laws 1887, p. 232; sec. 6674; sec. 6803. (2.) The appellant surely misreads the statute when it is contended that the assessor is not authorized to make the assessment list of personal property in a separate book from that containing the real estate. The list for assessment of the Neosho Savings Bank was duly made out and returned by D. P. Weems, its president, under oath, in accordance with the requirements of the statute. The assessment is a judicial act and if the assessment be not properly made as to the taxpayer and properly listed against him, his exclusive remedy is by appeal, and the action of the assessor in listing the property in the name of the Neosho Savings Bank as it was returned by its chief officer becomes final and conclusive on the owner of the capital stock of such bank, unless regularly appealed from to the county board. *Mining Co. v. Neptune*, 19 Mo. App. 442; *Ins. Co. v. Charles*, 47 Mo. 466; *Davis v. Macy*, 124 Mass. 193; Revised Statutes, 1889, sec. 6713. (3) The statute neither requires nor authorizes the assessment of the shares of stock to the stockholder as applied either to the case of manufacturing or other corporations to incorporated banking companies, institutions or associations organized under the laws of the state as private banks. The capital stock and shares may both be taxed and it is not double taxation. *Farrington v. Tennessee*, 24 L. Ed., U. S. C. Rep. 558.

BLACK, P. J.—This was a suit by the collector of Newton county to collect taxes alleged to have been levied for the year 1889. The suit was commenced against the Neosho Savings Bank, a banking corporation organized under the laws of this state, having a capital stock of four hundred shares of the par value of $100 each. By consent of all parties Catron was substituted as defendant in place of the bank.

The defendant owned one hundred and five shares of the stock, and it appears the president of the bank made out and gave to the assessor a statement showing a list of the stockholders and the amount of stock held by each, as required by section 6692 hereafter set out. The assessment book produced in evidence shows the following facts: The first column is headed, "Owner's name," under which is written "Neosho Savings Bank;" the second is blank; the third is headed "Moneys, notes, bonds and other credits," under which is written $35,110; the fourth is headed "All other personal property," under which is set down $400. The total valuation made by the assessor is then stated to be $35,510. The taxes extended on this assessment aggregate $621.43.

The chief defense is that the stock owned and held by the defendant was not assessed or attempted to be assessed. On the other hand, it is insisted by the plaintiff that the statute does authorize or require an assessment of the stock.

Section 6692, Revised Statutes, 1879, provides: "The property of manufacturing companies and other corporations named in article 8, chapter 21, and of all other corporations the taxation of which is not otherwise provided for by law, shall be asssessed and taxed as the property of individuals. Persons owning shares of stock in banks * * * incorporated under or by any

law of the United States or of this state, are not required to deliver to the assessor a list thereof; but the president or other chief officers of such corporation shall, under oath, deliver to the assessor a list of all shares of stock held therein, and the names of the persons who hold the same, and shall also state the actual cash value of such stock and all the property belonging to such corporations. In estimating the value of such stock and property, the officer making the same shall estimate and include all reserve funds, undivided profits, premiums or earnings and all other values belonging to such corporations, which cash value shall be assessed and taxed as other personal property.''

''Sec. 6693. The taxes assessed on shares of stock embraced in such list shall be paid by the corporations, respectively, and they may recover from the owners of such shares the amount so paid by them,'' etc.

According to section 6692 it is the property of manufacturing and business corporations, and not the stock, which is to be assessed for the purposes of taxation; and so we have held on several occasions. *Valle v. Ziegler*, 84 Mo. 214; *Ogden v. St. Joseph*, 90 Mo. 522. But the rule laid down in the same section is different as to banking corporations. That section makes it the duty of the president of a bank, whether organized under the laws of the United States or of this state, to deliver to the assessor a list of all shares of stock and the names of the persons who hold the same, and the cash value thereof. The evident object in requiring the president of such corporations to deliver to the assessor such a list is, that the shares may be assessed, and assessed, too, against the owners thereof. The next section makes this clear, for it is there provided that the said taxes assessed *on shares of stock* embraced in such list shall be paid by the corporation. And section 6756 provides that the cashier of

a corporation, the shares of which are taxable by law, shall at the request of the collector give him a certificate showing the number and amount of shares held in the stock of such corporation and the names of the holders; and, if the corporation fails to pay the taxes, it is then made the duty of the collector to seize and sell the shares against which the unpaid taxes were levied.

For all the purposes of assessment and taxation the statute makes no distinction whatever between stock in national banks and banks organized under the laws of the state. The statute was intended to, and does, place all banking corporations on the same footing, so far as taxation is concerned. As to national banks, it has been held on several occasions that the assessor shall assess the stock, and that he must assess it against the shareholders, individually *Bank v. Meredith*, 44 Mo. 500; *Springfield v. Bank*, 87 Mo. 442. The same is true in respect of stock in banking corporations organized under the laws of this state.

Under our statute, taxes should be levied and assessed against the shares of stock of a banking corporation, and not against the property which the shares represent. We do not say the shares should be assessed at their par value. They should be assessed at their actual cash value, and that may less or many times greater than the par or face value. In this case the assessor did not assess, nor did he attempt to assess, the shares of stock owned by the defendant or by any other person. He assessed the property of the corporation against the corporation itself, the same as if it had been a manufacturing company. No assessment was made, or attempted to be made, against any property owned by defendant, and he cannot be held liable for a tax not assessed against him or any of his property. The judgment is, therefore, reversed. BARCLAY, J., absent; the other judges concur.